EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:

José A. Maldonado Trinidad
(TS-8,833) | 2022 TSPR 92

209 DPR ____ |

Número del Caso:  AB-2015-38


Fecha:  29 de junio de 2022


Abogado del promovido:

        Por derecho propio


Oficina de Inspección de Notarías:

        Lcdo. Manuel E. Ávila De Jesús
        Director


Materia:  Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por infracción al Canon 9 del Código de Ética Profesional.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Maldonado Trinidad             AB-2015-0038
    (TS-8,833)

PER CURIAM

En San Juan, Puerto Rico, a 29 de junio de 2022.

Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria sobre un miembro de la profesión jurídica que desatendió nuestras órdenes. En esta ocasión suspendemos inmediata e indefinidamente al Lcdo. José A. Maldonado Trinidad del ejercicio de la abogacía y la práctica de la notaría.

I

El Lcdo. José A. Maldonado Trinidad fue admitido al ejercicio de la abogacía el 4 de enero de 1988 y prestó juramento como notario el 12 de marzo de 1998. En 2015 el Sr. José A. Quiñones Sánchez presentó una queja contra el letrado. En síntesis, señaló que el notario Maldonado Trinidad otorgó cierta escritura,

pero no había completado el proceso de inscripción ante el Registro de la Propiedad. Específicamente, sostuvo que el letrado no le comunicó oportunamente unos señalamientos de error que hizo el Registrador de la Propiedad.

Luego de la investigación de rigor, la Oficina de la Inspección de Notarías (ODIN) presentó un *Informe*, en el que recomendó que archiváramos la queja en cuestión, no sin antes apercibir al letrado. También sugirió que ordenáramos al licenciado informar los trámites realizados para subsanar, a su costo, los defectos señalados por el Registrador de la Propiedad, con el fin de viabilizar la inscripción.

Tras varios trámites, el 18 de noviembre de 2016 ordenamos el archivo de la queja contra el licenciado Maldonado Trinidad. Además, le apercibimos de que en el futuro debería desempeñarse con mayor esmero y cuidado, en particular respecto al deber de mantener informadas a las partes otorgantes de un instrumento público sobre las notificaciones que emita el Registro de la Propiedad. Asimismo, le ordenamos que mantuviera informados a la ODIN y a este Tribunal sobre la culminación de los trámites para subsanar, a su costo, los defectos señalados por el Registrador de la Propiedad.

Así las cosas, el 1 de abril de 2022 el señor Quiñones Sánchez, promovente inicial, suscribió una carta informando que deseaba presentar una segunda queja contra el licenciado Maldonado Trinidad. Alegó que el letrado ignoró nuestro mandato y no había hecho gestión alguna para la inscripción

en controversia. Por eso, el 29 de abril de 2022 ordenamos al letrado que en el término de 15 días informara las gestiones realizadas para viabilizar la inscripción. Asimismo, le apercibimos de que su incumplimiento con nuestra orden podría conllevar sanciones severas como la suspensión del ejercicio de la abogacía y la notaría.

Sin embargo, el licenciado Maldonado Trinidad no compareció. Ante esto, el 24 de mayo de 2022 le ordenamos que en un **término final** de 10 días mostrara causa por la que no debía ser suspendido de la abogacía y la notaría por hacer caso omiso de nuestras órdenes. También, le apercibimos de que su incomparecencia podría conllevar la suspensión inmediata e indefinida de la abogacía y la notaría. Cabe destacar, que esta Resolución se le notificó personalmente.

No obstante, el licenciado Maldonado Trinidad incumplió.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, requiere que los miembros de la profesión legal observen una conducta de respeto hacia los tribunales. Hemos reiterado que los abogados deben cumplir con diligencia y prontitud las órdenes del Tribunal, particularmente cuando se trata de procesos disciplinarios. In re Rodríguez Olmeda, 2022 TSPR 29, 208 DPR __ (2022); In re Rodríguez Benítez, 2022 TSPR 21, 208 DPR __ (2022). Así, desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y es suficiente para decretar la separación

inmediata e indefinida de la profesión legal. In re Joubert Lugo, 2022 TSPR 75, 209 DPR __ (2022); In re Corretjer Roses, 2022 TSPR 28, 208 DPR __ (2022); In re Meléndez Mulero, 2022 TSPR 03, 208 DPR __ (2022). Además, la actitud de indiferencia a nuestras advertencias sobre posibles sanciones disciplinarias es incompatible con la práctica de la profesión. In re Vargas Martínez, 2021 TSPR 156, 208 DPR __ (2021).

III

Desde 2016 el licenciado Maldonado Trinidad ha incumplido nuestras órdenes, a pesar de que le concedimos varias oportunidades y le advertimos las consecuencias que podía acarrear el incumplimiento. Su reiterado patrón de incumplimiento denota displicencia y falta de respeto a nuestra autoridad. Sin duda, esta conducta constituye una infracción al Canon 9 del Código de Ética Profesional, supra.

Ante esta realidad, decretamos la suspensión inmediata e indefinida del Lcdo. José A. Maldonado Trinidad del ejercicio de la abogacía y la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar

y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Maldonado Trinidad y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Maldonado Trinidad a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José A. Maldonado Trinidad          AB-2015-0038
     (TS-8,833)

SENTENCIA

En San Juan, Puerto Rico, a 29 de junio de 2022.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. José A. Maldonado Trinidad del ejercicio de la abogacía y la notaría. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no prestados. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, incluyendo una lista de los clientes y los foros a quienes le notificó su suspensión, dentro del término de treinta días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo podría conllevar que no se le reinstale a la práctica de la profesión legal, de solicitarlo en un futuro.

La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a

los actos realizados durante el periodo en que estuvo vigente. El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del señor Maldonado Trinidad y los entregará al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Maldonado Trinidad a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo